**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SCOTT DOLEMBA,                                )
on behalf of plaintiff and the classes defined )
below,                                         )
                                               )
          Plaintiff,                         )
                                               )      16-cv-8091
          vs.                                )
                                               )
THE LIFE INSURANCE CENTER, LLC,                )
CRUMP LIFE INSURANCE SERVICES, INC.,           )
doing business as INSURENOW DIRECT;            )
and DOES 1-10,                                 )
                                               )
          Defendants.                        )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Scott Dolemba brings this action to secure redress from unlawful practices engaged in by defendants The Life Insurance Center, LLC; Crump Life Insurance Services, Inc., d/b/a InsureNOW Direct; and Does 1-10.

2.      Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

3.      The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

4.      This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

5.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendant's communications were received by plaintiff in this District;

      b.      Defendant transacts business within this District.

### PARTIES

6.      Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois. He has a cell phone.

1

7.     Defendant The Life Insurance Center, LLC, is a limited liability company chartered under Colorado law with its principal office at 26 W. Dry Creek Circle, Suite 580, Littleton, Colorado  80120.  Its registered agent and office is High Timber, LLC, 26 W. Dry Creek Circle, Suite 575, Littleton, Colorado 80120.

8.     Defendant Crump Life Insurance Services, Inc., d/b/a InsureNOW Direct, is a corporation chartered under Pennsylvania law. It does business in Illinois and has offices at 550 W. Van Buren St., Suite 1500, Chicago, Illinois 60607.  Its registered agent and office is Alan H. Herman, 4135 N. Front Street, Harrisburg, Pennsylvania 17110, or CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.  It describes itself on its web site (https://www.crumplifeinsurance.com/Marketing/marketingContent.aspx?id=4146) as "a prominent independent wholesale distributor of life insurance".

9.     Defendant Does 1-10 are other persons responsible for the calls detailed below.

## FACTS

10.     Plaintiff received a series of automated calls on his cell phone seeking to sell him life insurance including at least the following:

August 11, 2016, at 11.04 am from 978-213-8332 (Exhibit A);

a.     August 10, 2016, at 9.52 am from 517-208-0209 (Exhibit B);

b.     August 10, 2016 at 11.43 am from 952-777-1698 (Exhibit C);

c.     August 10, 2016, at 11.09 am from 303-214-0430 (Exhibit D);

d.     August 5, 2016 at 3.14 pm from 303-214-0430 (Exhibit D);

e.     August 5, 2016 at 2.46 pm from 603-263-3019 (Exhibit E);

f.     August 4, 2016, at 4.35 pm from 303-214-0430 (Exhibit D).

11.     Each call began with a pause and then delivered a recorded message.

12.     A person who calls 517-208-0209 or  603-263-3019 or 952-777-1698 or  303-214-0430 gets a recorded message inviting the caller to press "1" in order to learn about saving money on life insurance, substantially as follows:

2

Hello. I'm calling because I believe I can save you money on your life insurance. If you can spare a few seconds, we offer a valuable free service. Studies have shown that people are paying up to 40% too much for life insurance and they're very happy to find out that they may be able to pay a lot less for the same or better coverage. We are local representatives for a major insurer and we offer a free comparison quote just to see if we can save you money. There is no cost or obligation. If you would like a free quote on life insurance, please press the "1" key on your telephone now. You may also press "9" to be added to our no call list, but press "1" to hear more.

13. On information and belief, based on the content of the message ("I'm calling . . . "), the identical message is played regardless of whether one answers or returns the call.

14. A person who presses "1" is transferred to a live person who, if the caller expresses interest, transfers the caller to an insurance representative at the Life Insurance Center, who takes down information about the proposed insured and type and amount of coverage sought.

15. The insurance representative provides 800-286-7842 as a callback number.

16. The number 800-286-7842 is issued to or used by The Life Insurance Center, LLC. (Exhibit F)

17. The Life Insurance Center, LLC is held out (Exhibit F) as "division of InsureNOW Direct".

18. InsureNOW Direct is a trade name used by Crump Life Insurance Services, Inc. (Exhibit G).

19. The relationship between Crump Life Insurance Services, Inc., and The Life Insurance Center, LLC is described in Exhibit H.

20. Crump Life Insurance Services, Inc., is therefore liable for the conduct of its "division," The Life Insurance Center, LLC.

21. On information and belief, the calls were placed using an automated dialer and a recorded voice.

22. Plaintiff did not authorize the automated placement of calls to his cell phone.

23. Plaintiff may have received other automated calls from the same source.

24. Plaintiff did not furnish his cell phone number to defendant.

3

25.     Defendants' calls harmed plaintiff by causing the very harm Congress sought to prevent – a "nuisance and invasion of privacy."

26.     Defendants' calls harmed plaintiff by intruding upon his seclusion.

27.     Defendants' calls harmed plaintiff by distracting him from work and causing him aggravation and annoyance.

28.     Defendants' calls harmed plaintiff by wasting his time.

29.     Defendants' calls harmed plaintiff by using data storage space and the battery on the cellular telephone.

30.     Plaintiff and each class member is entitled to statutory damages.

31.     Defendants violated the TCPA even if their actions were only negligent.

32.     Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

33.     Plaintiff incorporates paragraphs 1-32.

34.     The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

35.     The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

4

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

36.     Defendant violated the TCPA by placing automated calls using a recorded message to plaintiff's cell phone.

## CLASS ALLEGATIONS

37.      Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls on their cell phones soliciting business for the Life Insurance Center, (d) placed using an automated dialer or a prerecorded or artificial voice.

38.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

39.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

b.     The manner in which defendants obtained the cell phone numbers; and

c.     Whether defendant thereby violated the TCPA.

40.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

41.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

42.     Several courts have certified class actions under the TCPA:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill. Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill. June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal. May 29, 2012);  *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill. Oct. 14, 2009);  *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So.

6

2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct. Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

43.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Statutory damages;

(2)     An injunction against further violations;

(3)     Costs of suit;

(4)     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

44.     Plaintiff incorporates paragraphs 1-32.

45.     Defendants engaged in unfair acts and practices, in violation of ICFA §2, 815 ILCS 505/2, by making unauthorized robocalls to plaintiff's cell phone.

46.     Defendants' conduct is contrary to public policy, as set forth in the TCPA.

47.     Plaintiff suffered damages as a result of receipt of the call.

48.     Defendants engaged in such conduct in the course of trade and commerce.

49.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

7

50.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in the Illinois area codes (b) who, on or after a date three years prior to the filing of this action, (c) received calls on their cell phones soliciting business for the Life Insurance Center, (d) placed using an automated dialer or a prerecorded or artificial voice.

51.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

52.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

      b.     The manner in which defendants compiled or obtained their list of telephone numbers; and

      c.     Whether defendants thereby violated the ICFA.

53.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

54.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

55.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

56.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        (1)     Statutory damages;

        (2)     An injunction against further violations;

        (3)     Costs of suit;

        (4)     Such other or further relief as the Court deems just and proper.

                            s/ Daniel A. Edelman
                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Julie Clark
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

Scott Dolemba

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                            s/ Daniel A. Edelman
                            Daniel A. Edelman

T:\33050\Pleading\Complaint_Pleading.wpd

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman