## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA,<br>on behalf of plaintiff and the classes defined<br>below,<br><br>    Plaintiff,<br><br>   vs.<br><br>THE LIFE INSURANCE CENTER, LLC,<br>CRUMP LIFE INSURANCE SERVICES, INC.,<br>doing business as INSURENOW DIRECT; and<br>INSURANCEONLY, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 16-cv-8091<br>Honorable Judge Elaine Bucklo<br>Magistrate Sheila Finnegan |

### FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL

**WHEREFORE**, it appearing to the Court that:

A.  On June 23, 2017,  this Court entered a Preliminary Approval Order which, among other things, preliminarily and conditionally certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Settlement Agreement ("Agreement") which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Agreement, and scheduled a hearing ("Final Hearing"), to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate.

B.  In accordance with the Court's Preliminary Approval Order, on July 24, 2017, actual notice was sent by first class mail or email to 908 Class Members by Class-Settlement.com (the "Class Administrator").  A total of 49 notices were returned by the United

States Postal Service as undeliverable or bounced back by the email service with no forwarding address or further information; 23 notices were returned by the United States Postal Service with a new address and successfully re-mailed.

C. On December 21, 2017, in accordance with the Preliminary Approval Order and Fed. R. Civ. P. 23(e)(2), counsel for the Parties appeared for the Final Fairness Hearing to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

D. The Class Members were given an opportunity to opt-out or object to the settlement. No Class Members opted out of the settlement. No Class Members have objected to the settlement.

E. With the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and the Court being duly advised in the premises, and for good cause shown;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. This Final Order incorporates by reference the definitions in the Agreement, and all defined terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court confirms its certification in the Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(b)(3), defines the "Settlement Class" as:

> All persons who, on or after January 1, 2016 and through September 5, 2016, received one or more calls from InsuranceOnly, Inc. on their cellular telephones soliciting insurance business that were placed using an automated dialer or a prerecorded or artificial voice and that resulted in such calls being transferred to The Life Insurance Center, LLC or InsureNOW Direct or Crump Life Insurance Services, Inc., regardless of whether the sales lead was ultimately purchased from InsuranceOnly, Inc.

2

3.     The Court declares that the Parties' Notice Plan as set forth in the Agreement, including the notice mailed or emailed to Class Members, satisfied the requirements of Fed. R. Civ. P. 23 and constitutional due process, and constituted the best notice practicable under the circumstances.

4.     The Court hereby finds and concludes that the notifications required by the Class Action Fairness Act under 28 U.S.C. § 1715(b) have been provided.

5.     The Court approves the disbursement of the Settlement Fund as provided for in the Agreement and directs that the Class Administrator disburse the payments in accordance with the terms of the Agreement.

6.     The Court approves the award to plaintiff Dolemba of an incentive award of $7,500.00 for the time and effort invested in bringing this lawsuit and acting as the Class Representative. This amount shall be paid on the Effective Date.

7.     The Court approves the award of attorneys' fees and costs to Class Counsel, in the amount of $43,750.00, and declares such fees and costs, and the hourly rates sought, to be fair and reasonable. This amount shall be paid on the Effective Date.

8.     The Court approves designation of LAF as a *cy pres* recipient of any undistributed funds. The amount shall be paid 30 days after the void date on the Settlement Class Members' checks expires.

9.     The Court finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

10.     The Agreement, which was filed with the Court on June 19, 2017, (*Dkt. No. 55*, Appendix 1), is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

11. With respect to determination that the Agreement is fair, reasonable and adequate, the Court specifically notes that this litigation involved complex and novel factual and legal issues, and the settlement amount reflects a substantial benefit to Class Members.

12. This Order is binding on all Class Members.

13. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

14. The Court hereby permanently enjoins and restrains all Class Members who did not duly request exclusion from the class in the time and manner provided for in the Class Notice from commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Agreement arising out of or relating to the Released Claims as set forth in the Agreement.

15. As per the parties' agreement, Defendant has paid the Settlement Fund in the amount of $145,000.00. The Settlement Fund will be held in the Client Trust Account of Class Counsel in accordance with the parties' agreement pending disbursement pursuant to the terms of the Agreement and this Order.

16. Cash Awards will be sent by the Claims Administrator via U.S. Mail no later than twenty-five (25) days after the Funding Date. Settlement Class Members shall have ninety (90) days from the date of settlement check issuance to cash the check. After ninety (90) days, the check will be null and void and the amount associated with that check will be available for a second distribution to other Settlement Class Members or to the *cy pres* recipient. If funds remain in the Settlement Fund that would yield an amount equal to or greater than $10.00 per participating Settlement Class member, the Claims Administrator shall distribute any such funds on a *pro rata* basis to Settlement Class Members who cashed their initial settlement checks no

later than twenty-five (25) days after the void date on the initial settlement class checks expires. Settlement Class Members shall have ninety (90) days from the date of the settlement check issuance to cash the check.

17.     Class Counsel shall file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money provided for by the settlement was distributed 30 days after the void date on the settlement checks or 30 days after the *cy pres* check has been issued, whichever is later.

18.     This Litigation is hereby dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), with the Court retaining jurisdiction solely to enforce the terms of the Agreement, and not to allow the parties to reopen issues resolved by the settlement. Each party shall bear its owns costs, other than the costs payable from the Settlement Fund and as authorized by the Court as part of this Final Approval Order. After the Court has been provided with notice that the terms of the Agreement have been complied with and an accounting of how the money provided for by the settlement was distributed, the Litigation shall be dismissed with prejudice.

**IT IS SO ORDERED:**

HONORABLE ELAINE BUCKLO
United States District Judge

Dated:  2/13/2018

5